Filed 8/9/23  P. v. Vandelinder CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C096989 |
| Plaintiff and Respondent, | (Super. Ct. No. 21FE018977) |
| v. | |
| MATTHEW RAY VANDELINDER, | |
| Defendant and Appellant. | |

Defendant Matthew Ray Vandelinder appeals from his convictions on two counts of second degree robbery.  He argues the trial court erred in imposing the upper term of five years on one of the counts, contending the trial court impermissibly engaged in dual use of facts.  We disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The facts of defendant's offenses and trial are largely not pertinent to the legal issues raised in this appeal.  Briefly summarized, defendant approached a teller at a Wells Fargo Bank in November 2021, demanded money, and told the teller he had a gun while

1

reaching into his fanny pack. The teller handed defendant money from the cash drawer. That same month, defendant approached a client relationship consultant at a U.S. Bank and directed her to take everything out of the top drawer and place it on the counter. He again said he had a gun while having both hands in his pockets and pushing his hands against his body.

A jury found defendant guilty of two counts of second degree robbery. In a bifurcated proceeding, a jury found true as to both counts that "defendant engaged in violent conduct that indicates a serious danger to society" (Cal. Rules of Court, rule 4.421(b)(1)) and, with respect to the Wells Fargo robbery only, that defendant used planning, sophistication, or professionalism in the commission of the robbery (rule 4.421(a)(8)). At the sentencing hearing, the trial court considered the aggravating circumstances found by the jury, as well as defendant's criminal history and substance abuse issues. Ultimately, the trial court imposed the upper term of five years for the Wells Fargo robbery and one year (one-third the middle term) for the U.S. Bank robbery.

## DISCUSSION

Defendant's sole contention on appeal is that the trial court improperly relied on the violent conduct aggravating factor to impose the upper term for the Wells Fargo Bank robbery. He argues that because violence is inherent to the crime of robbery, it cannot also be used as an aggravating circumstance in sentencing.

Preliminarily, the People argue defendant forfeited the claim by failing to raise it below. Anticipating forfeiture, defendant argues his trial counsel was ineffective by not objecting on this basis in the trial court. We exercise our discretion to reach the merits of the sentencing claim in lieu of addressing defendant's ineffective assistance claim. (See *People v. Crittenden* (1994) 9 Cal.4th 83, 146 [reviewing merits of claim to avoid potential claim of ineffective assistance of counsel]; *People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6.)

2

Turning to the merits, courts "generally cannot . . . use a fact constituting an element of the offense either to aggravate or to enhance a sentence." (*People v. Scott* (1994) 9 Cal.4th 331, 350; see also Cal. Rules of Court, rule 4.420(h).) But engaging in "violent conduct that indicates a serious danger to society" (Cal. Rules of Court, rule 4.421(b)(1)) is not an element of robbery (CALCRIM No. 1600). While every robbery necessarily involves the use of force or fear (Pen. Code, § 211), not every robbery is so violent that it indicates a serious danger to society (cf. *In re Michael L.* (1985) 39 Cal.3d 81, 88 ["The particular means by which force is employed or fear imparted is not an element of robbery"]). The jury here found that the circumstances surrounding this particular robbery involved sufficient violence to indicate a serious danger to society, and there is no basis to disturb that finding.

Urging a contrary conclusion, defendant points to Penal Code section 667.5, subdivision (c), which provides in relevant part, "For the purpose of this section, 'violent felony' means . . . [¶] . . . [¶] (9) Any robbery." Section 667.5 concerns the enhancement of a prison term based on prior prison terms when a defendant commits a new violent felony. This provision was simply not implicated here. Even if it had been, the definition of " 'violent felony' " under section 667.5 has no bearing on whether aggravating a base term due to the violent conduct circumstance is a prohibited dual use of facts.

DISPOSITION

The judgment is affirmed.

/s/
ROBIE, J.

We concur:

/s/
HULL, Acting P. J.

/s/
HORST, J.*

---

* Judge of the Placer County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.